UNITED STATES DISTRICT COURT    **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-1467-DMG (KSx) | Date | April 21, 2022 |
|---|---|---|---|

| Title | *Sindy Mayorga v. Carter's Inc., et al.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

On January 20, 2022, Plaintiff Sindy Mayorga filed a Complaint in the Los Angeles County Superior Court against Defendants Carter's Inc.; Carter's Retail, Inc.; The William Carter Company; and Oshkosh B'Gosh, Inc. [Doc. # 1-1.] The Complaint alleges a single cause of action on behalf of Plaintiff and a putative class for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

Plaintiff alleges that she was employed by Defendants from August to November 2021, and when she applied for employment, Defendants procured a consumer credit report without providing her with a "clear and conspicuous disclosure" of such procurement in writing, in violation of 15 U.S.C. section 1681b(b)(2)(A).  Compl. ¶¶ 20-22, 29-31.  She alleges that the disclosures she did receive were "embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents."  *Id.* at ¶ 32.  Plaintiff further alleges summarily that, as a result of these violations, she and other class members "have been injured, including but not limited to, having their privacy and statutory rights invaded."  *Id.* at ¶ 40.  The Complaint "seeks all available remedies," including "actual damages."  *Id.* at ¶ 41.

Defendants removed the action to this Court on March 3, 2022.  [Doc. # 1].  The Notice of Removal asserts that the Court has jurisdiction on two grounds:  (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the FCRA claim arises under federal law, and (2) jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1441(a), because Plaintiff alleges a class of at least 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million.  Not. of Removal at ¶¶ 7-10, 12-47.

Plaintiff now moves to remand the action back to Los Angeles County Superior Court based on the fact that she lacks standing under Article III.  Mot. to Remand ("MTR") [Doc. # 15].  The motion is fully briefed.  [Doc. ## 19, 21.]  For the following reasons, Plaintiff's MTR is **GRANTED**.

UNITED STATES DISTRICT COURT   **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-1467-DMG (KSx) | Date | April 21, 2022 |
|---|---|---|---|

| Title | *Sindy Mayorga v. Carter's Inc., et al.* | Page | 2 of 4 |
|---|---|---|---|

## I.
## LEGAL STANDARD

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case.  28 U.S.C. § 1441.  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

## II.
## DISCUSSION

Plaintiff does not contest either of Defendants' grounds for removal, that her claim arises under federal law and that the Complaint meets the requirements of CAFA.  Rather, she argues that the Complaint fails to satisfy another independent requirement for subject matter jurisdiction in federal court:  Article III standing.

Article III of the Constitution "limits federal courts' subject matter jurisdiction by requiring . . . that plaintiffs have standing" to sue.  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010).  The standing analysis concerns "whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Id.* at 1122.  To demonstrate standing, a plaintiff must have:  "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To establish the first requirement, injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

In *Spokeo*, in a case specifically about the FCRA, the Supreme Court rejected the notion that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 341.  The *Spokeo* Court held that "Article III standing requires a concrete injury even in the context

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT      **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1467-DMG (KSx)** | Date | April 21, 2022 |
|---|---|---|---|

| Title | ***Sindy Mayorga v. Carter's Inc., et al.*** | Page | 3 of 4 |
|---|---|---|---|

of a statutory violation," such that "a bare procedural violation, divorced from any concrete harm," would not confer standing. *Id.*; *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.").

Plaintiff alleges that Defendants violated the FCRA's requirement that a person may not procure a consumer credit report for employment purposes unless "a clear and conspicuous disclosure has been made in writing . . . in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i). Plaintiff alleges that the document provided by Defendants did not consist "solely of the disclosure" because it was "embedded with extraneous information." Compl. ¶ 32.

The purpose of the "clear and conspicuous disclosure" requirement, in a document consisting "solely of the disclosure," is to ensure that the employee is fully informed of the employer's intent to procure a credit report and, as the next section of the statute provides, can authorize the procurement of the report knowingly. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii). But multiple district courts have held that without any allegation that the employee was actually confused by an inconspicuous disclosure or was unaware of it, this exact violation—failing to include the disclosure in a standalone document—is a "bare procedural violation" that does not amount to an injury in fact. *See Williams v. Nichols Demos, Inc.*, No. 5:17-CV-07101-EJD, 2018 WL 3046507, at *4 (N.D. Cal. June 20, 2018) (collecting cases); *Lee v. Hertz Corp.*, No. 15-CV-04562-BLF, 2016 WL 7034060, at *5 (N.D. Cal. Dec. 2, 2016); *Nokchan v. Lyft, Inc.*, No. 15-CV-03008-JCS, 2016 WL 5815287, at *4 (N.D. Cal. Oct. 5, 2016).

Like in those cases, Plaintiff here does not allege that she was actually confused or deceived by the "extraneous information," authorized the consumer report unknowingly, or would not have authorized it had the disclosure been presented properly. Absent any such allegation, the Complaint is devoid of any indication of concrete harm. Defendants point to the multiple times the Complaint pleads for relief in the form of actual damages, as well as to the allegation that Plaintiff "[has] been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA." Compl. ¶¶ 3, 40-41. These mere conclusory labels do not amount to an actual factual allegation of concrete harm. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants accuse Plaintiff of attempting to rewrite her Complaint in her MTR, but the Court relies solely on the allegations in the Complaint in reaching this conclusion, not on any disclaimer of actual damages that Plaintiff purports to assert in her motion.

Defendants cite to *Syed v. M-I, LLC*, 853 F.3d 492, 498 (9th Cir. 2017), a case that also involved an alleged violation of Section 1681b(b)(2)(A)'s conspicuous disclosure requirement. In

---

CV-90      **CIVIL MINUTES—GENERAL**      Initials of Deputy Clerk KT

<table>
<tr><td colspan="3" align="center">UNITED STATES DISTRICT COURT</td><td align="center">JS-6 / REMAND</td></tr>
</table>

UNITED STATES DISTRICT COURT    **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-1467-DMG (KSx)** | Date | April 21, 2022 |
|---|---|---|---|

| Title | ***Sindy Mayorga v. Carter's Inc., et al.*** | Page | 4 of 4 |
|---|---|---|---|

*Syed*, the court found there to be an injury in fact because the plaintiff alleged that he "discovered" that the defendant procured a consumer report regarding him when he obtained and reviewed his personnel file. *Id.* at 499. The court found this allegation "sufficient to infer . . . that Syed was not aware that he was signing a waiver authorizing the credit check when he signed it," and therefore that his rights to information and privacy were deprived by the violation. *Id.* Here, there are no allegations by which to "infer" that Plaintiff was actually unaware of the disclosure. *See Williams*, 2018 WL 3046507, at \*4-5 (distinguishing *Syed* on this basis). Moreover, *Syed* was decided on a motion to dismiss, where the court draws all reasonable inferences in favor of the nonmoving party. *See Syed*, 853 F.3d at 499. Here, on a motion to remand, the presumption is reversed—Defendants bear the burden of establishing subject matter jurisdiction, and any doubts must be resolved in favor of remand. *Lhotka*, 599 F.3d at 1107.[1]

Courts have granted motions to remand brought by plaintiffs who claim that their own pleadings do not allege an injury in fact under Article III—paradoxical though the argument may seem. *See, e.g., Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at \*2 (N.D. Cal. May 13, 2019). This is because a plaintiff who lacks standing in federal court may nonetheless be able to "satisfy the state court's potentially more lenient justiciability requirements." *Id.*; *see also Miranda v. Magic Mountain LLC*, No. CV 17-07483 SJO (SS), 2018 WL 571914, at \*3 (C.D. Cal. Jan. 25, 2018) ("While it may strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in fact a notable quirk of the United States federalist system."); *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) ("a state's standing doctrine is 'the business' of its own courts") (citation omitted). Accordingly, remand for lack of standing is appropriate and required. *See Williams*, 2018 WL 3046507, at \*5-6.

### III.
### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR. This action is hereby **REMANDED** to the Los Angeles County Superior Court. The April 22, 2022 hearing and scheduling conference are **VACATED**.

**IT IS SO ORDERED.**

---

[1] *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092 (9th Cir. 2022), is also distinguishable. There, the plaintiff alleged *non*-disclosure of information, and so "Plaintiffs had no knowledge of or opportunity to disagree with the provision of their [personal identifiable information] to third parties." *Id.* at 1100. Here, Plaintiff does not allege that she did not receive the disclosure and have an opportunity to act on it; she merely alleges that she received it in the "wrong format." *See TransUnion*, 141 S. Ct. at 2214.